**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

IN RE:

TYLER JACOB PRESSDEE AND
ALEXIS MARIE PRESSDEE,

           DEBTOR

CHAPTER 13
CASE NO.: 26-30441

**NOTICE OF OPPORTUNITY FOR HEARING**

NOTICE IS HEREBY GIVEN that Exeter Finance LLC ("Exeter Finance"), by and through counsel, has filed a Motion for Relief from Automatic Stay on April 20, 2026.

TAKE FURTHER NOTICE that any response, including an objection to the relief requested in the Motion for Relief from Automatic Stay or a request for a hearing should be filed with the Clerk of the Bankruptcy Court within FOURTEEN (14) days of the date of this Notice and a copy served on the attorney identified below and upon other parties as required by law or court order. Any response shall clearly identify the specific motion or application to which the response is directed. A hearing shall be requested by filing and serving a response, including an objection and request for a hearing, within 14 days of the date of the service of this Notice. If no hearing is requested, the Court may decide the matter on the record before it.

Dated:  April 20, 2026

WOMBLE BOND DICKINSON (US) LLP

By:    /s/ Eudora F. S. Arthur
        Eudora F. S. Arthur (NC Bar No. 59854)
        555 Fayetteville Street, Suite 1100
        Raleigh, NC 27601
        Phone: (919) 755-2178
        Email: Dorie.Arthur@wbd-us.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

```
-------------------------------------------------------- x
In re:                                              :
                                                    :     Chapter 13
TYLER JACOB PRESSDEE AND ALEXIS                     :
MARIE PRESSDEE,,                                    :     Case No.: 26-30441
                                                    :
                              Debtors.              :
-------------------------------------------------------- x
```

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Now comes Exeter Finance LLC ("Exeter Finance"), by and through counsel, and moves this court for an Order granting it relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and Rule 4001 of the Bankruptcy Rules of Procedure. In support of its Motion for Relief from the Automatic Stay (the "Motion"), Exeter Finance shows unto the court as follows:

1.     This matter is a core proceeding pursuant to 28 U.S.C. § 157 and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Western District of North Carolina.

2.     On April 3, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 to commence the above-referenced case (the "Chapter 13 Case").

3.     On or about July 1, 2025, Exeter Finance extended a loan to Tyler Jacob Pressdee and Alexis Marie Pressdee (the "Debtors") to finance the purchase of a 2024 Ford Mustang, VIN No. 1FA6P8CF0R5417564 (the "Vehicle").

4.     In conjunction with this loan, the Debtors executed a Retail Installment Contract in favor of Exeter Finance in the principal amount of $40,511.00 (the "Contract"). A true and accurate

copy of the Contract is attached hereto as **Exhibit A**.

5.	Exeter Finance has a perfected security interest in the Vehicle, as noted on the face of the Certificate of Title for the Vehicle (the "Certificate of Title").  A true and correct copy of the Certificate of Title is attached hereto as **Exhibit B**.

6.	Debtor is currently due for December 2025 and has made no payments since the filing of the Chapter 13 Case.

7.	The balance owed as of the Petition Date is $42,391.94.

8.	On or about April 3, 2026, the Debtors filed their Chapter 13 Plan (the "Plan"), which does not provide treatment for the Vehicle.  Movant repossessed the Collateral on March 24, 2026, prior to the Petition Date.

9.	Upon information and belief, the value of the Vehicle is approximately $38,825.00.

10.	Based on the forgoing, Exeter Finance seeks relief from the automatic stay in order to exercise its rights and remedies under the Contract.

**BASIS FOR RELIEF**

(a)	Section 362(d) sets forth the standards for determining whether relief from stay is appropriate. Section 362(d) states:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1)	for cause, including lack of adequate protection of an interest in property of such party in interest;

(2)	with respect to a stay of an act against property under subsection (a) of this section, if

(A)	the debtor does not have an equity in such property; and

(B)	such property is not necessary to an effective reorganization;

11 U. S. C. § 362.

11.     As a result of the Debtor's default under the Contract, Exeter Finance is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for cause because Debtor has failed to provide adequate protection of Exeter Finance's interest, there is substantial risk of continuing loss to or diminution of the Vehicle, and the Vehicle is not necessary for the Debtor's successful reorganization evidenced by Debtors' surrender of the Vehicle pre-petition.

12.     Cause exists for relief from the automatic stay under 11 U.S.C. § 362(d)(2) because there is no equity in the Vehicle and the Vehicle is not necessary to an effective reorganization.

13.     If Exeter Finance is not granted relief from stay and permitted liquidate the Vehicle, then Exeter Finance will suffer irreparable injury, loss, and damage by virtue of the decreasing value of the Vehicle.

14.     Because the Vehicle must be sold promptly to maximize its value, sufficient cause exists to waive the requirements of Rule 4001 such that the order granting relief from the automatic stay will be effective upon entry by the Court.

15.     A proposed order granting the Motion is attached hereto as **Exhibit C**.

WHEREFORE, Exeter Finance prays for the Court to grant the following relief:

1.     To enter an Order modifying the automatic stay imposed by 11 U.S.C. § 362(a) to allow Exeter Finance to exercise its rights and remedies under the Contract and in accordance with applicable state law;

2.     To award Exeter Finance reimbursement of its attorney's fees and costs to be added to the balance of its claim, if any claims are filed; and

3.     To grant such other and further relief as the court deems just and appropriate.

Dated:  April 20, 2026                          WOMBLE BOND DICKINSON (US) LLP

By:  /s/ Eudora F. S. Arthur
    EUDORA F. S. ARTHUR
    N.C. State Bar. No. 59854
    555 Fayetteville Street, Suite 1100
    Raleigh, NC  27601
    Telephone: (919) 755-2178
    dorie.arthur@wbd-us.com

*Attorneys for Exeter Finance LLC*

## **CERTIFICATE OF SERVICE**

I, the undersigned, of Womble Bond Dickinson (US) LLP, hereby certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, I served a copy of the foregoing Motion for Relief from Automatic Stay on:

> Tyler Jaboc Pressdee and Alexis Marie Pressdee
> 9618 Highway 207
> Pageland, SC 29728-6275
> *Debtor*

by depositing the same in the United States mail, first class, postage prepaid.

That on this day, the foregoing Motion for Relief from Automatic Stay was served by electronic means through the Court's CM/ECF service on:

> Marcus D Crow
> *Attorney for Debtor*
>
> Jenny P. Holman
> *Chapter 13 Trustee*
>
> Shelley Abel
> *Bankruptcy Administrator*

I certify under penalty of perjury that the foregoing is true and

correct. Dated: April 20, 2026

WOMBLE BOND DICKINSON (US) LLP

By:    /s/ Eudora F. S Arthur
     EUDORA F. S. ARTHUR
     NC State Bar Number 59854
     555 Fayetteville St., Suite 1100
     Raleigh, NC 27601
     Telephone: (919) 755-2178
     dorie.arthur@wbd-us.com

*Attorneys for Exeter Finance LLC*

EXHIBIT A

T3665244140-DP3665244141 - THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

**LAW 553-NC-e 10/23**

## RETAIL INSTALLMENT SALE CONTRACT
## SIMPLE FINANCE CHARGE
## THIS IS A CONSUMER CREDIT DOCUMENT

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| TYLER JACOB PRESSDEE<br>9618 HIGHWAY 207<br>PAGELAND, SC 29728 CHESTERFIELD | ALEXIS MARIE PRESSDEE<br>9618 HIGHWAY 207<br>PAGELAND, SC 29728-6275 CHESTERFIELD | CAPITAL FORD OF CHARLOTTE INC<br>5411 N TRYON STREET<br>CHARLOTTE, NC 28213 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| Used | 2024 | Ford Mustang | 1FA6P8CF0R5417564 | Personal, family, or household unless otherwise indicated below<br>☐ business<br>☐ agricultural   ☐ _____ N/A |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $0.00 is |
|---|---|---|---|---|
| 12.45 % | $ 19,084.90 | $ 40,511.00 | $ 59,595.90 | $ 59,595.90 |

**Your Payment Schedule Will Be:**    (e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 78 | $ 764.05 | Monthly beginning 08/15/2025 |
| N/A | $ N/A | N/A |
| N/A | | |

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of $ 18.00 .

**Prepayment.** If you pay early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

**Returned Check Charge:** You agree to pay a charge of $ 35.00 if any check you give us is dishonored.

☐ VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance): If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft, concealment, skip). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. **You may choose the insurance company through which the VSI insurance is obtained.** If you elect to purchase VSI insurance through the Creditor, **the cost of this insurance is $** N/A and is also shown in item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term 78 Mos.    TRITON
Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X A _____ TYLER PRESSDEE _____ Jul 04, 2025 1:47:59 PM GMT

TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY

T3665244140-DP3665244141 - THIS CUSTOMER COMPLETED COPY WAS CREATED ON 07/07/2025 01:32:55 PM GMT

T3665244140-DP3665244141 - THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

**ITEMIZATION OF AMOUNT FINANCED**

1  Cash Price (including $ _____500.00_____ sales tax)          $ _____38,399.00_____ (1)

2  Total Downpayment =

   Trade-in __N/A_____ __N/A_____ _____N/A_____
          (Year)    (Make)         (Model)

   Gross Trade-In Allowance                    $ _____N/A
   Less Pay Off Made By Seller to __N/A_____  $ _____N/A
   Equals Net Trade In                         $ _____N/A
   + Cash                                      $ _____N/A
   + Other __N/A_____             $ _____N/A
   + Other __N/A_____             $ _____N/A
   + Other __N/A_____             $ _____N/A
   (If total downpayment is negative, enter "0" and see 4I below)  $ _____0.00 (2)

3  Unpaid Balance of Cash Price (1 minus 2)    $ _____38,399.00_____ (3)

4  Other Charges Including Amounts Paid to Others on Your Behalf
   (Seller may keep part of these amounts):

   A  Cost of Optional Credit Insurance Paid to Insurance Company or Companies.
      Life _____ $ _____N/A
      Disability _____ $ _____N/A  $ _____N/A
   B  Vendor's Single Interest Insurance Paid to Insurance Company  $ _____N/A
   C  Other Optional Insurance Paid to Insurance Company or Companies  $ _____N/A
   D  Optional Gap Contract                     $ _____1,200.00
   E  Official Fees Paid to Government Agencies
      N/A                                       $ _____N/A
   F  Government Taxes Not Included in Cash Price
      N/A                                       $ _____N/A
   G  Government License and/or Registration Fees
      License Fee : $ 113.00
      N/A                                       $ _____113.00
   H  Government Certificate of Title Fees      $ _____N/A
   I  Other Charges (Seller must identify who is paid and describe purpose)
      to N/A           for Prior Credit or Lease Balance  $ _____N/A
      to CAPITAL FORD  for Documentation Fee              $ _____799.00
      to N/A           for N/A                            $ _____N/A
      to N/A           for N/A                            $ _____N/A
      to N/A           for N/A                            $ _____N/A
      to N/A           for N/A                            $ _____N/A
      to N/A           for N/A                            $ _____N/A
      to N/A           for N/A                            $ _____N/A
      to N/A           for N/A                            $ _____N/A
      to N/A           for N/A                            $ _____N/A
      to N/A           for N/A                            $ _____N/A
      to N/A           for N/A                            $ _____N/A
      to N/A           for N/A                            $ _____N/A
      Total Other Charges and Amounts Paid to Others on Your Behalf  $ _____2,112.00 (4)

5  Amount Financed (3 + 4)                     $ _____40,511.00_____ (5)

---

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before
_____N/A_____ , Year ___N/A___ . SELLER'S INITIALS ___N/A___

---

**Insurance. You may buy the physical damage insurance this contract requires from anyone you choose or you may provide the required insurance through an existing policy owned or controlled by you. Insurance you provide must be acceptable to us.** You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked on page 1 of this contract.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**
### Optional Credit Insurance

☐ Credit Life:  ☐ Buyer  ☐ Co-Buyer  ☐ Both
☐ Credit Disability:  ☐ Buyer  ☐ Co-Buyer  ☐ Both

Premium:
   Credit Life $ _____N/A
   Credit Disability $ _____N/A

Insurance Company Name
N/A

Home Office Address
N/A

**Credit life insurance and credit disability insurance are not required to obtain credit.** Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance pays the unpaid part of the Amount Financed if you die. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance pays the scheduled payments due under this contract while you are disabled. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

### Other Optional Insurance

☐ _____N/A_____  _____N/A_____
   Type of Insurance    Term
Premium $ _____N/A
Description of Coverage
N/A
Insurance Company Name
N/A
Home Office Address
N/A

☐ _____N/A_____  _____N/A_____
   Type of Insurance    Term
Premium $ _____N/A
Description of Coverage
N/A
Insurance Company Name
N/A
Home Office Address
N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost. I want the insurance checked above.

X B _____N/A  _____N/A
Buyer Signature          Date

X B _____N/A  _____N/A
Co-Buyer Signature       Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS. WITHOUT SUCH INSURANCE YOU MAY NOT OPERATE THIS VEHICLE ON PUBLIC HIGHWAYS.**

TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY

T3665244140-DP3665244141 - THIS CUSTOMER COMPLETED COPY WAS CREATED ON 07/07/2025 01:32:55 PM GMT

T3665244140-DP3665244141 - THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

## OTHER IMPORTANT AGREEMENTS

**1. FINANCE CHARGE AND PAYMENTS**

**a. How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

**b. How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose as the law allows.

**c. How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

**d. You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

**2. YOUR OTHER PROMISES TO US**

**a. If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

**b. Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

**c. Security Interest.**
You give us a security interest in:
- The vehicle and all parts or goods installed in it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

**d. Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as loss payee. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract.

If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

**e. What happens to returned insurance, maintenance, service, or other contract charges.** If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

**3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

**a. You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

**b. You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
- You do not pay any payment on time;
- You give false, incomplete, or misleading information during credit application;
- You start a proceeding in bankruptcy or one is started against you or your property; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

**c. You may have to pay collection costs.** If we hire an attorney to collect what you owe, you will pay attorney's fees and court costs, as the law allows. The maximum attorney's fee you will pay will be 15% of the amount you owe.

**d. We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.

**e. How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.

**f. We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.

We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at the Annual Percentage Rate, before and after judgment, unless a lower rate is required by law.

**g. What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

*LAW 553-NC-e 10/23 v1*   Page 3 of 4

T3665244140-DP3665244141 - THIS CUSTOMER COMPLETED COPY WAS CREATED ON 07/07/2025 01:32:55 PM GMT

T3665244140-DP3665244141 - THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

**4. WARRANTIES SELLER DISCLAIMS**

**Unless the Seller makes an express warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**

This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

**5. Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

**Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

**6. SERVICING AND COLLECTION CONTACTS**

In consideration of our extension of credit to you, you agree to provide us your contact information for our servicing and collection purposes. You agree that we may use this information to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you. You agree to allow our agents and service providers to contact you as agreed above.

You agree that you will, within a reasonable time, notify us of any change in your contact information.

**7. APPLICABLE LAW**

Federal law and the law of the state of North Carolina apply to this contract.

**8. NEGATIVE CREDIT REPORT NOTICE**

**We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.**

**Electronic Contracting and Signature Acknowledgment.** You agree that (i) this contract is an electronic contract executed by you using your electronic signature, (ii) your electronic signature signifies your intent to enter into this contract and that this contract be legally valid and enforceable in accordance with its terms to the same extent as if you had executed this contract using your written signature and (iii) the authoritative copy of this contract ("Authoritative Copy") shall be that electronic copy that resides in a document management system designated by us for the storage of authoritative copies of electronic records, which shall be deemed held by us in the ordinary course of business. Notwithstanding the foregoing, if the Authoritative Copy is converted by printing a paper copy which is marked by us as the original (the "Paper Contract"), then you acknowledge and agree that (1) your signing of this contract with your electronic signature also constitutes issuance and delivery of such Paper Contract, (2) your electronic signature associated with this contract, when affixed to the Paper Contract, constitutes your legally valid and binding signature on the Paper Contract and (3) subsequent to such conversion, your obligations will be evidenced by the Paper Contract alone.

---

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

---

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs **XC** *TYLER PRESSDEE* Co-Buyer Signs **XC** *ALEXIS PRESSDEE*

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

**See the rest of this contract for other important agreements.**

**NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.**

---

**You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.**

Buyer Signs **XD** *TYLER PRESSDEE* Date 07/01/2025   Co-Buyer Signs **XD** *ALEXIS PRESSDEE* Date 07/01/2025

Buyer Printed Name TYLER JACOB PRESSDEE   Co-Buyer Printed Name ALEXIS MARIE PRESSDEE

If the "business" use box is checked in "Primary Use for Which Purchased": Print Name N/A   Title N/A

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here **XH** N/A   Address N/A

Seller signs CAPITAL FORD OF CHARLOTTE INC   Date 07/01/2025   By **XD**   Title F&I MANAGER

**EXHIBIT B**

## STATE OF SOUTH CAROLINA
## CERTIFICATE OF TITLE
### OF A VEHICLE

| VEHICLE ID NUMBER | | YEAR | MAKE | MODEL | NEW/USED |
|---|---|---|---|---|---|
| 1FA6P8CF0R5417564 | | 2024 | FORD | MUSTAN | USED |

| BODY STYLE | DATE ISSUED | ODOMETER | WEIGHT | TITLE NUMBER |
|---|---|---|---|---|
| CP | 09/23/2025 | 13,314 | 3,827 | 770320494324538 |

BRAND(S)
**ACTUAL MILEAGE**

FULL NAME OF OWNER(S)    CUSTOMER NUMBER  036801322
**PRESSDEE, ALEXIS MARIE OR**
**PRESSDEE, TYLER JACOB**
**9618 HIGHWAY 207**
**PAGELAND SC 29728-6275**

LIENHOLDER INFORMATION
FIRST LIENHOLDER
**EXETER FINANCE**

**PO BOX 677**                                    **WILMINGTON**   **OH**
                                                                 **45177-0677**

DATE OF LIEN **07/01/2025**   LIEN RELEASED DATE _____ BY _____
                                                        AUTHORIZED AGENT

THE SOUTH CAROLINA DEPARTMENT OF MOTOR VEHICLES HEREBY CERTIFIES
THAT THE PERSON HEREIN IS REGISTERED BY THIS DEPARTMENT AS THE
LAWFUL OWNER OF THE VEHICLE DESCRIBED SUBJECT TO THE LIENS,
IF ANY, HEREIN SET FORTH

KEVIN A  SHWEDO                                   HENRY MCMASTER
EXECUTIVE DIRECTOR                               GOVERNOR

KEEP IN A SAFE PLACE   ANY ALTERATION OR ERASURE VOIDS THIS TITLE



4/13/2026

## Vehicle Information

| | |
|---|---|
| Vehicle: | 2024 Ford Mustang Coupe 2D GT 5.0L V8 |
| Region: | Southeastern |
| Period: | April 8, 2026 |
| VIN: | 1FA6P8CF0R5417564 |
| Mileage: | 37,500 |
| Base MSRP: | $42,860 |
| Typically Equipped MSRP: | $46,050 |
| Weight: | 3,741 |



## JD Power Used Cars/Trucks Values

| | Base | Mileage Adj. | Option Adj. | Adjusted Value |
|---|---|---|---|---|
| **Monthly Used** | | | | |
| Rough Trade-In | $32,125 | N/A | $250 | **$32,375** |
| Average Trade-In | $33,700 | N/A | $250 | **$33,950** |
| Clean Trade-In | $34,975 | N/A | $250 | **$35,225** |
| | | | | |
| Clean Loan | $31,500 | N/A | $250 | **$31,750** |
| Clean Retail | $38,550 | N/A | $275 | **$38,825** |
| **Weekly Auction** | | | | |
| Low | $30,325 | N/A | N/A | **$30,325** |
| Average | $33,675 | N/A | N/A | **$33,675** |
| High | $37,050 | N/A | N/A | **$37,050** |

*The auction values displayed include typical eqiupment and adjustments for mileage and any of the following applicable accessories: engine size, drivetrain, and trim.

## Selected Options

| | Trade-In/Loan | Retail |
|---|---|---|
| Power Driver's Seat [VIN Precision+] | $250 | $275 |

JD Power Used CarGuide assumes no responsibility or liability for any errors or omissions or any revisions or additions made by anyone on this report. ©2026 JD Power

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

```
------------------------------------------------------ x
In re:                                      :
                                            :     Chapter 13
TYLER JACOB PRESSDEE,                        :
                                            :     Case No.: 26-30441
                    Debtor.                  :
                                            :
------------------------------------------------------ x
```

**ORDER GRANTING MOTION
FOR RELIEF FROM AUTOMATIC STAY**

Upon consideration of Exeter Finance LLC's Motion for Relief from Automatic Stay (the

"Motion") and any objection to the Motion; and after due deliberation thereon; and good cause

having been shown and found; it is, by the United States Bankruptcy Court for the Western District

of North Carolina, hereby:

**ORDERED**, that the Motion is **GRANTED**; and it is further

**ORDERED**, that the automatic stay of 11 U.S.C. § 362 is hereby terminated to permit

Exeter Finance LLC to exercise its rights and remedies under applicable non-bankruptcy law under

the Retail Installment Contract executed by Debtor in favor of Exeter Finance LLC in the principal amount of $24,152.27 for the financed purchase of one (1) 2024 Ford Mustang, VIN No. 1FA6P8CF0R5417564 (the "Vehicle") and in accordance with applicable state law; and it is further

**ORDERED**, that Exeter Finance LLC is permitted to apply the proceeds of any disposition of the Vehicle to the outstanding indebtedness due and owing Exeter Finance LLC, including principal, interest, late fees, attorneys' fees, and costs as allowed by the loan and applicable law; and it is further

**ORDERED**, that upon disposition of the Vehicle, Exeter Finance LLC must provide an explanation of any surplus to the trustee, the debtor's attorney, and the debtor within 14 days and send payment of such surplus to the trustee within 60 days, pending further order of the court regarding its distribution; and it is further

**ORDERED**, that Exeter Finance LLC has 120 days for personal property from entry of the order granting the relief to file a deficiency claim, unless the court, for good cause shown by motion filed before the expiration of such period, extends the same; and it is further

**ORDERED**, that the Court shall retain jurisdiction over the subject matter of this Order and to enforce the provisions set forth herein; and it is further

**ORDERED**, that the fourteen-day stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived.

END OF DOCUMENT